J-A01015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.E.P., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| J.H., | : | |
| | : | |
| Appellee | : | |
| | : | No. 1318 WDA 2016 |

Appeal from the Order Dated August 11, 2016
In the Court of Common Pleas of Allegheny County,
Family Court, at No(s): FD16-007048-008

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED: APRIL 10, 2017**

I agree with the learned Majority that the record supports the trial court's finding that jurisdiction lay properly in North Carolina, and I join the Majority except as noted, *infra*.

I write separately because I disagree with the Majority's finding that the proper standard when determining jurisdiction pursuant to the maximum-significant-contacts test is an abuse of discretion.  **See** Majority's Memorandum at 15 *citing* **Wagner v. Wagner**, 887 A.2d 282, 285 (Pa Super. 2005).

---

* Retired Senior Judge assigned to the Superior Court.

This Court's examination of the applicable standards of review when assessing issues arising under the UCCJEA in **S.K.C. v. J.L.C.**, 94 A.3d 402 (Pa. Super. 2012) (Olson, J.), is instructive.

[W]e begin with a discussion of the appropriate standard and scope of review when considering an appeal from a decision rendered under 23 Pa.C.S.A. § 5422, which establishes the trial court's exclusive, continuing jurisdiction to make a child custody determination. It is hornbook law that "as a pure question of law, the standard of review in determining whether a [trial] court has subject matter jurisdiction is *de novo* and the scope of review is plenary." However, when discussing our standard of review in other cases arising under section 5422, we have often stated that "this Court will not disturb a decision to exercise or decline jurisdiction absent an abuse of discretion by the trial court."

This language is accurate in that, when a trial court possesses subject matter jurisdiction over a child custody dispute, a trial court's decision to exercise that jurisdiction is subject to an abuse of discretion standard of review. However, we have imprecisely quoted this language even when the question was not whether the trial court properly exercised (or declined to exercise) jurisdiction, but rather the question was whether the trial court actually possessed subject matter jurisdiction.

The UCCJEA establishes subject matter jurisdiction before the courts of common pleas in child custody matters under various subsections of Title 23, including 23 Pa.C.S.A. §§ 5421 and 5422. As the provision quoted below makes clear, section 5421 identifies the circumstances under which a court of common pleas has jurisdiction to make an initial child custody determination. Pursuant to section 5421(b), section 5421(a) is the exclusive jurisdictional basis for making an initial child custody determination by a court of this Commonwealth.

Section 5422(a) identifies the circumstances under which a court which has made a child custody determination under section 5421 or section 5423 retains exclusive, continuing jurisdiction over that order. Under section 5422(a), a court which has made a child custody determination under section

- 2 -

5421 or section 5423 retains exclusive, continuing jurisdiction over that determination until the elements of section 5422(a)(1) or section 5422(a)(2) have been satisfied. Section 5422(b) states that if the trial court has made a child custody determination, but no longer has exclusive, continuing jurisdiction under section 5422(a), it may modify that determination if it has jurisdiction to make an initial custody determination under section 5421. From our review of the statutory language, it is evident that a section 5422 determination does not involve a trial court's decision regarding whether to exercise jurisdiction that has been established. Rather, a section 5422 determination implicates the subject matter jurisdiction of the trial court.

*Id.* at 406-408 (citations and footnotes omitted).

In light of the foregoing, I find the trial court's determination under 23 Pa.C.S.A. §§ 5421(a)(2), maximum-significant-contacts, implicates a pure question of law, and thus, the proper standard is *de novo*.